ANNA SHERWIN, PLAINTIFF AND DEFENDANT IN ERROR, v. LAZAR STERNBERG AND ROSE STERNBERG, DEFENDANTS AND PLAINTIFFS IN ERROR.

Submitted July 6, 1909—Decided November 15, 1909.

On error to the Supreme Court, whose opinion is reported in 48 *Vroom* 117.

For the plaintiff in error, *Otto A. Stiefel.*

For the defendants in error, *J. Merritt Lane.*

PER CURIAM.

Lazar Sternberg and Rose Sternberg agreed to incorporate a corporation in which Anna Sherwin, the plaintiff, was to have fifteen shares of stock, Rose Sternberg thirty-four shares, and Lazar Sternberg one hundred and thirty-four shares.

This action was to recover $1,500 paid by Anna Sherwin through her husband, to Lazar Sternberg, for the purposes mentioned in the contract.

This contract, made by the defendants of the one part and the plaintiff of the other part, recited that Anna Sherwin had contributed the sum of $1,500 for the purposes of the agreement, the receipt whereof is hereby acknowledged by said parties of the first part.

On the trial the court directed a verdict for the plaintiff, the judgment upon which verdict was affirmed by the Supreme Court.

We concur in the opinion of the Supreme Court that there was no *de facto* corporation formed by the defendants; that the payment of the $1,500 by the plaintiff through her husband to Lazar Sternberg was a payment to both defendants, and that the *status* of Rose Sternberg as a party interested in the project for the execution of which the $1,500 was paid, was conclusively proved and was uncontradicted.

The expression in the opinion of the Supreme Court that Rose Sternberg was estopped by the contents of the contract from denying that she had an interest in the business, was obviously not intended to mean that a married woman could estop herself by anything contained in a contract, if, in fact, she was powerless to make a contract because of her position as surety.

The contrary rule was announced by the Court of Chancery in *Bishop* v. *Bourgeois,* 13 *Dick. Ch. Rep.* 417, and by the Supreme Court in *Cooley* v. *Barcroft,* 14 *Vroom* 363, 366.

There is no occasion in the present case to express an opinion by this court on the question of the scope of a married woman's estoppel.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—GARRISON, REED, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ.   11.

*For reversal*—None.